## Berger v. City of Williamsport

*Allen Ertel,* for plaintiff.
*Jonathan Butterfield,* and *Jered Hock,* for defendants.

BROWN, *J.,* October 8, 1990—Presently before the court are preliminary objections filed by defendant Lyons and defendant McCarthy Flowered Cabs to plaintiff's complaint in this wrongful death and survival action. Defendant McCarthy's first objection is in the nature of a motion to strike for failure to conform to Pa.R.C.P. 1024. Defendant McCarthy claims that the verification to the complaint was taken by plaintiff's attorney, who is not a party to the action, and that said verification is deficient.

Pa.R.C.P. 1024(a) requires that every pleading containing an averment of fact not appearing of record shall state that the averment is true upon the signer's personal knowledge or information and belief, and shall be verified.

Pa.R.C.P. 1024(c) provides that:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside jurisdiction of the court and verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief *and shall set forth the source of his information as to matters not stated upon his own knowledge* and the reason why the verification is not made by a party." Pa.R.C.P. 1024(c). (emphasis added)

The verification signed by plaintiff's attorney reads:

"Allen E. Ertel, being duly sworn states that the plaintiff is outside the jurisdiction of this Commonwealth and is not able to [verify] said complaint on time for filing herein and therefore, the document is executed on the behalf of the plaintiff upon information and belief as to the truth of the averments contained herein."

This verification is clearly deficient in that it fails to set forth the source of plaintiff's attorney's information as to matters not stated upon his own knowledge. As the requirements of Rule 1024(c) are to be strictly construed, *Covington v. Sagot*, 1 D.&C. 3d 687 (1977), the preliminary objection will be sustained.

In light of the disposition of the case, the remaining preliminary objections will not be addressed.

## ORDER

And now, October 8, 1990, defendant McCarthy's preliminary objection in the nature of a motion to strike is hereby sustained, and plaintiff's complaint is stricken. Plaintiff has leave to file a new complaint containing a proper verification within 20 days after notice of this order.